## J. B. Byrne & Co. *v.* Samuel Anderson, et al.

If the Sheriff leaves the property in the possession of the debtor it is at his own risk. His responsibility for the goods levied on continues so long as he can keep possession of them under the execution.

APPEAL from the District Court, Tenth District, Parish of Madison. *Perkins, jr.*, J. *Stockton & Steele*, for plaintiffs and appellants. *Short & Parham*, for defendants.

Dunbar, J. (*Slidell*, J., dissenting.) This is a suit brought on a Sheriff's bond against the principal and sureties.

The plaintiffs allege that on the 5th January, 1849, they obtained from the Judge of the Tenth Judicial District, for the parish of Madison, an order of seizure and sale, against certain slaves, the property of *Mary Stanford*, wife of *Richard C. Stanford;* and, on the same day, placed in the hands of *Samuel Anderson*, the Sheriff of the parish of Madison, a writ of seizure and sale directed to him, returnable in not less than thirty nor more than seventy days.

That the said Sheriff, soon thereafter, levied on the said slaves, and advertized them for sale on the first Saturday in March, 1849. That he afterwards permitted three of the slaves, that had been levied upon, to be taken out of his possession and carried beyond the jurisdiction of the District Court of Madison, by which neglect of duty on his part, the plaintiffs have lost a large portion of their debt, and have sustained damages to the amount of eight hundred and ninety-one dollars and fifty-eight cents.

It is shown, that on the 29th of March, 1849, the parties agreed that as many of the slaves, levied upon by the Sheriff, as would be necessary to bring the sum of fifteen hundred dollars, should be sold on that day by the Sheriff, and the remaining slaves should be re-advertised to be sold by him on the first Saturday in June thereafter. That in conformity with this agreement, all of the slaves levied upon were sold at the Sheriff's sale on the 29th March, except three, named *Mils*, *Susan* and *Harriette*. The proceeds of the sale amounted to thirteen hundred and eighty-three dollars and fifty-eight cents, which sum was credited on the writ, leaving a balance, due the plaintiffs, of eight hundred and ninety-one dollars and fifty-eight cents. The writ was not returned by the Sheriff, who made an endorsement on the appraisement in his own handwriting: "Advertise the three slaves for June." But before the first Saturday in June, the three slaves, who had been left by the Sheriff with *Mrs. Stanford*, or her agent, on her plantation, were by them removed from the parish of Madison.

It is well settled, that if the Sheriff leaves the property in the possession of the debtor, it is at his own risk; his responsibility for the goods levied on, continues so long as he can keep possession thereof under the execution. Having made the levy before the return day, he had the right, and it was his duty, to have kept the slaves safely until they were all sold. He has given us no excuse for his negligence. Gwynne on Sheriffs, 299.

It is, therefore, ordered and decreed, that the judgment of the District Court be reversed, and that there be judgment for the plaintiffs against the defendants *in solido*, for the sum of eight hundred and ninety-one dollars and fifty-eight cents, with legal interest from judicial demand, with costs in both Courts.

BYRNE & Co.
*v.*
ANDERSON.

SLIDELL, J., dissenting. I think there should be judgment against the late Sheriff, at least, for part of the amount claimed; he not having duly accounted for the securities and cash put into his hands by *Patterson*. But, in my opinion, the evidence shows an assent by the plaintiffs' attorney to an arrangement by which the matter was taken out of the legal course; and the loss which ensued ought not, it seems to me, to fall upon the Sheriff's sureties, to whom no privity in the arrangement is shown.

I think proper to add, that a part of the arrangement made by the agents of the plaintiffs and defendant, seems to me against public policy. Moreover, I have no reason to doubt but that the plaintiffs would have collected their whole debt, if their agent had insisted on their legal rights, and not acted in a spirit of indulgence, extending a confidence which was violated.